IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-00608-RLV
(3:01-CR-00175-RLV-1)

| | |
|---|---|
| DERRICK ALEXANDER ADAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255.

## I.  BACKGROUND

On September 10, 2001, Petitioner was indicted by the grand jury for the Western District on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). (3:01-CR-00175, Doc. No. 5: Indictment). On May 29, 2002, a jury returned a verdict finding Petitioner guilty as charged. (Doc. No. 30: Jury Verdict). On January 13, 2003, the Court sentenced Petitioner to a term of 235-months' imprisonment. (Doc. No. 34: Judgment in a Criminal Case). Petitioner's judgment was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. United States v. Adams, 71 F. App'x 965 (4th Cir. 2003) (unpublished).

On August 13, 2004, Petitioner filed a § 2255 motion to vacate his criminal judgment. This § 2255 motion was dismissed by Order entered on October 18, 2004, and Petitioner's appeal was dismissed by the Fourth Circuit. (3:04-cv-398-RLV). On February 2, 2011, Petitioner

filed a second § 2255 motion attacking his 2003 criminal judgment and this motion was dismissed as an authorized, successive § 2255 motion. (3:11-cv-00061-RLV). Petitioner did not file a notice of appeal. On September 7, 2012, Petitioner filed a third § 2255 motion which was likewise dismissed an unauthorized, successive motion under the provisions of 28 U.S.C. § 2255. (3:12-cv-574-RLV). Petitioner did not appeal from this Order.

On November 5, 2013, Petitioner filed the present and his fourth motion under Section 2255.

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral

2

review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, Petitioner renews his attack on the same criminal judgment, yet he has provided no evidence that he has secured authorization from the Fourth Circuit to file this successive motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the reasons stated herein, Petitioner's Section 2255 motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 5, 2013

Richard L. Voorhees
United States District Judge