IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00218-RLV
(3:01-cr-00175-RLV-1)

| | |
|---|---|
| DERRICK ALEXANDER ADAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be granted.

I.     BACKGROUND

On May 29, 2002, Petitioner was convicted on one count of possession of firearm by a felon, in violation 18 U.S.C. § 922(g). During sentencing, the Court found that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) and the Court imposed a sentence of 235-months' imprisonment. (3:01-cr-00175, Doc. No. 30: Jury Verdict; Doc. No. 34: Judgment). Petitioner's judgment was affirmed on appeal. United States v. Adams, 71 Fed. App'x 965 (4th Cir. 2003) (unpublished).

On or about October 28, 2004, Petitioner filed a § 2255 motion, which the Court dismissed, and the Fourth Circuit dismissed Petitioner's appeal. See Adams v. United States, No. 3:04-cv-00398-RLV (W.D.N.C. Oct. 18, 2004); United States v. Adams, No. 05-6977 (4th Cir. May 2, 2005). Petitioner filed subsequent § 2255 motions to vacate which were dismissed as

1

unauthorized, successive motions. See (3:11-cv-00061-RLV; 3:12-cv-00574-RLV; 3:13-cv-00608-RLV).

In the present § 2255 motion to vacate, Petitioner contends that he is entitled to sentencing relief because he no longer qualifies as an armed career criminal following the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was void for vagueness and therefore unconstitutional.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner was granted authorization to file the present § 2255 motion pursuant to § 2255(h)(2). In re: Derrick Alexander Adams, No. 16-107 (4th Cir. 2016). The Government has filed a response to the petition and agrees that Petitioner is entitled to sentencing relief because he no longer qualifies as an armed career criminal following the Supreme Court's opinion in Johnson v. United States, which the Court notes has recently been made retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (Apr. 18, 2016). (3:16-cv-00218, Doc. No. 5: Government Response).

Petitioner was sentenced to a term of 235-months' imprisonment; however had Johnson v. United States been controlling at the time his sentence was imposed, Petitioner would have only faced a statutory maximum term of 120-months and Petitioner has now served more than 120-months in prison.

Based on the foregoing, the Court finds that Petitioner's § 2255 motion to vacate his sentence will be granted.

### IV.	CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion to vacate is **GRANTED** and he is hereby sentenced to time-served plus ten days.

2. All remaining provisions of Petitioner's judgment shall remain the same. (3:01-cr-00175, Doc. No. 34: Judgment).

**IT IS FURTHER ORDERED** that the warden of the Federal Bureau of Prisons where Petitioner is housed shall release him from custody within 10-days from service of this Order.

The Clerk of Court is directed to certify copies of this Order to the Federal Defenders of Western North Carolina, the U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: May 31, 2016

Richard L. Voorhees
United States District Judge